UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL LYNN STARK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>R. DIAZ,<br><br>　　　　Respondent. | Case No. CV 10-04077 CJC (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the court is a petition for writ of habeas corpus ("Petition") brought by Michael Lynn Stark ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises eight claims directed at Petitioner's 1992 conviction of one count of murder, two counts of attempted murder, two counts of robbery, and one count of burglary that he sustained in the California Superior Court for Los Angeles County (case no. YA009400). For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

## II. DISCUSSION

**A.  Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.  Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where the conviction became final before AEDPA's enactment, a petitioner had until April 24, 1997, to file a federal habeas petition. *See Lindh*, 521 U.S. at 322 (the AEDPA was signed into law on April 24, 1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (AEDPA's one-year grace

period for challenging convictions finalized before AEDPA's enactment ended on April 24, 1997).

     The face of the Petition and relevant state court records[1] establish the following relevant facts. On December 7, 1992, Petitioner was sentenced based on the above convictions to a total term of 45 years and four months to life in state prison. (Pet. at 2, 26.[2]) The California Court of Appeal, Second Appellate District, Division Four, affirmed the judgment in part and reversed in part[3] on direct appeal on August 3, 1994 (case no. B072435), and the California Supreme Court denied review on November 16, 1994 (case no. S041934). (Pet. at 2-3, 17-21; state court records.) There is no indication that Petitioner filed a petition for certiorari with the United States Supreme Court. Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on February 14, 1995, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Because the conviction became final before AEDPA's April 24, 1996 enactment date, Petitioner had until April 24, 1997 to file a federal habeas petition. *Patterson*, 251 F.3d at 1246.

---

     [1]  The court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

     [2]  Petitioner did not consecutively number the pages of the Petition and the attachments as required by Local Rule 11-3.3. For sake of clarity, the court cites the pages of the Petition by referring to the electronic pagination furnished by the court's official CM-ECF electronic document filing system.

     [3]  It appears from the face of the Petition that the court of appeal corrected an error in Petitioner's original sentence, and he was re-sentenced on or about September 22, 1994. (Pet. at 4.) Neither the Petition nor state court records indicate how his sentence was modified.

1  Petitioner did not constructively file his pending Petition until May 26, 2010[4/] --
2  4,780 days (more than 13 years) after the expiration of the limitations period.

3  Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

### C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

---

[4/] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition was filed by the clerk on June 1, 2010. (Pet. at 1.) However, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on May 26, 2010, the postmark date the Petition was mailed to the court. Petitioner has not otherwise dated the Petition or any attachments, or otherwise shown he delivered the Petition to the prison mail room clerk for filing sooner.

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition and relevant state court records establish Petitioner has filed three habeas petitions in the state court of appeal (case nos. B209013, B214755, B224547), all of which were denied. (Pet. at 2-3; state court records.). However, the first of those petitions was not filed until July 7, 2008, more than eleven years after the expiration of the limitations period on April 24, 1997. (State court records.) As a result, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed long after the limitations period expired. *See Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

The face of the Petition and relevant state court records establish Petitioner is not entitled to any statutory tolling of the limitations period.

**D.     Alternative Start of the Statute of Limitations**

    **1.     State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for

equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

## E. Equitable Tolling

The United States Supreme Court has not yet decided whether AEDPA's limitations period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found that equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned, "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v.*

1 | *Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066
2 | (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's
3 | statutory purpose of encouraging prompt filings in federal court in order to protect the
4 | federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d
5 | 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly
6 | fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable
7 | tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th
8 | Cir. 2005).
9 |       Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking
10 | equitable tolling bears the burden of establishing two elements: (1) that he has been
11 | pursuing his rights diligently, and (2) that some extraordinary circumstance stood in
12 | his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s diligence prong
13 | requires the petitioner to show he engaged in reasonably diligent efforts to file his §
14 | 2254 petition throughout the time the limitations period was running. *Mendoza*, 449
15 | F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that
16 | equitable tolling requires a showing that "the party seeking equitable tolling must have
17 | acted with reasonable diligence throughout the period he seeks to toll" and
18 | "extraordinary circumstances prevented him from filing his petition on time"). The
19 | petitioner must also demonstrate that he exercised reasonable diligence in attempting
20 | to file his habeas petition after the extraordinary circumstances began otherwise the
21 | "link of causation between the extraordinary circumstances and the failure to file [is]
22 | broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong
23 | requires the petitioner to "additionally show that the extraordinary circumstances were
24 | the cause of his untimeliness, and that the extraordinary circumstances made it
25 | impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations
26 | and citations omitted).
27 | ///
28 |       On page three of the Petition, Petitioner states, as his reasons for not filing a

*direct appeal*, that he has been:

> petitioning the courts and my ex-attorneys on this case record for my transcripts and all documents to be allowed to file my own appeal. Also Petitioner was unaware [that] appellate counsel would not respond to my requests in letters and I believed that appellate counsel was filing [on] my behalf.

(Pet. at 3.) However, as discussed above, the Petition and state court records establish Petitioner did file a direct appeal, which the state court of appeal decided on August 3, 1994. He has not established that his appellate counsel failed to file anything on his behalf. Further, to the extent Petitioner is claiming his most recent state habeas petitions, the first initiated in July 2008, have been efforts to obtain his trial transcripts to file new claims (Pet. at 3), he falls grossly short of meeting his burden for any equitable tolling in light of the fact that more than eleven years passed after the expiration of AEDPA's limitations period before he made any attempt to obtain the allegedly missing transcripts. *Ramirez*, 571 F.3d at 997.

The Petition and attached exhibits do not show Petitioner is entitled to equitable tolling in this case.

## O R D E R

Based on the foregoing, the court finds the Petition is untimely. Accordingly, Petitioner shall have until **July 1, 2010**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and

1 library materials were unavailable throughout the relevant time period because of the
2 lockdown or other stated reason.  Further, Petitioner must demonstrate that, during the
3 time access to the prison law library was allegedly unavailable, he made requests for
4 legal materials to be brought to his cell and those requests were denied.

5 **Petitioner is warned that if a timely response to this Order is not made,**
6 **Petitioner will waive his right to do so and the court will, without further notice,**
7 **issue an order dismissing the Petition, with prejudice, as time-barred.**

8 **Further, if Petitioner determines the court's above analysis is correct and**
9 **the Petition is clearly time-barred, he should consider filing a Request For**
10 **Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of**
11 **a response to this Order.**

13 IT IS SO ORDERED.

16 DATED: June 10, 2010

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE